# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BIEN,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF FRESNO and DOES 1-10,<br>inclusive<br><br>     Defendants. | CASE: 1:20-cv- 01159-AWI-BAM<br><br>**ORDER GRANTING DEFENDANT CITY OF FRESNO'S MOTION TO DISMISS AND DENYING DEFENDANT CITY OF FRESNO'S MOTION FOR A MORE DEFINITE STATEMENT AS MOOT**<br><br>(Doc. No. 8) |

Plaintiff John Bien filed this action on August 18, 2020, bringing seven claims against the City of Fresno (the "City") and several Doe Defendants in its employ for violations of state law and his constitutional rights. Doc. No. 1. The City brought a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the three claims against it for failure to allege facts sufficient to state a claim and a motion under Rule 12(e)[1] for a more definite statement as to all claims in the Complaint. Doc. No. 8. The motions have been fully briefed and the Court has deemed them suitable for decision without oral argument pursuant to Local Rule 230(g). For the reasons set forth below, the Rule 12(b)(6) motion to dismiss will be granted in its entirety and the Rule 12(e) motion will be denied as moot.

## SUMMARY OF ALLEGATIONS

Bien brings this action against the City, several unnamed police officers employed by the

---

[1] Unless otherwise specified, "Rule," as used herein, refers to the Federal Rules of Civil Procedure.

1  Fresno City Police Department ("Doe Officers") and several unnamed persons in "managerial,
2  supervisorial, and policymaking" roles with the City and the Fresno Police Department ("Doe
3  Supervisors"). Doc. No. 1 ¶¶ 2-3, 6-8.

4          On December 1, 2019, the Doe Officers went to Bien's home and attacked, beat,
5  handcuffed and detained Bien. Doc. No. 1 ¶¶ 2, 24, 28. The attack left Bien "immobile" and "in
6  obvious need of emergency medical care and treatment," but the Doe Officers "did not timely
7  summon medical care or permit medical personnel to treat [him]." Id. ¶ 25. Bien sustained injuries
8  and "suffered extreme pain and suffering." Id. ¶¶ 2, 36.

9                                    **THE CITY'S MOTION**

10         The Complaint in this action sets forth seven claims for relief.[2] The first four claims for
11 relief are brought solely against the Doe Officers, pursuant to 42 U.S.C. § 1983, for alleged
12 violations of the Fourth Amendment and Fourteenth Amendment to the United States Constitution
13 in connection with use of force, detention, denial of medical care and substantive due process
14 violations. Doc. No. 1 ¶¶ 27-50.

15         The City is named—along with the Doe Supervisors—as a defendant in connection with
16 Bien's fifth, sixth and seventh claims for relief. Bien's fifth claim for relief (a so-called "*Monell*
17 claim") seeks to impute liability for the Doe Officers' alleged constitutional violations to the City
18 and Doe Supervisors based on the principles set forth in *Monell v. Department of Social Services*
19 *of City of New York*, 436 15 U.S. 658 (1978). Doc. No. 1 ¶¶ 3, 51-63. The sixth claim for relief
20 alleges false arrest or false imprisonment against the Doe Officers and vicarious liability for false
21 arrest or false imprisonment against the City and the Doe Supervisors under state law. Id. ¶¶ 64-
22 70. The seventh claim for relief alleges battery against the Doe Officers and vicarious liability for
23 battery against the City and Doe Supervisors under state law. Id. ¶¶ 71-76.

24         In the motion at bar, the City seeks an order dismissing all three of the claims against it
25 pursuant to Rule 12(b)(6) for failure to allege facts sufficient to state a claim. Doc. No. 8. The City
26 also seeks an order pursuant to Rule 12(e) for a more definite statement as to all of the claims in

27 ─────────────
28 [2] The caption page of the Complaint refers to eight claims for relief, including a claim for negligence, but no claim for negligence is set forth in the Complaint.

1  the Complaint. Id.

2  **LEGAL FRAMEWORK**

3  Rule 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon

4  which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) may be

5  based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a

6  cognizable legal theory. See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).

7  To survive a Rule 12(b)(6) motion to dismiss for failure to allege sufficient facts, a

8  complaint must (at a minimum)[3] meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a

9  "short and plain statement of the claim showing that the pleader is entitled to relief," so that the

10  defendant has "fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl.

11  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))

12  (internal quotation marks omitted).

13  Further, "a complaint must contain sufficient factual matter, accepted as true, to state a

14  claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation

15  and internal quotation marks omitted); Mollett, 795 F.3d at 1065. "A claim has facial plausibility

16  when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

17  the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Somers v. Apple, Inc.,

18  729 F.3d 953, 959 (9th Cir. 2013); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir.

19  2009) ("[F]or a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and

20  reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

21  plaintiff to relief."). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of

22  material fact are taken as true and construed in the light most favorable to the non-moving party.

23  Kwan v. SanMedica, Int'l, 854 F.3d 1088, 1096 (9th Cir. 2017). A court must also presume that

24  general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific

25  Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004). However, "[t]hreadbare recitals of

26  elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

27  _____

28  [3] Rule 9 sets for pleading standard for "special matters," including, for example, a heightened pleading standard for fraud or mistake. Fed.R.Civ.P. 9.

3

556 U.S. at 678. "Under Rule 8(a), a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." Anderson v. U.S. Dept. of Housing and Urban Development, 554 F.3d 525, 528 (5th Cir. 2008).

Where a Rule 12(b)(6) motion to dismiss is granted, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Ebner v. Fresh, Inc., 838 F.3d 958, 963 (9th Cir. 2016) (citation and internal quotation marks omitted).

## DISCUSSION

The Court addresses each of the claims at issue in the City's motion to dismiss below.

**A.     Fifth Claim for Relief (*Monell* Liability for Constitutional Violations)**

42 U.S.C. § 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

In *Monell*, the Supreme Court held that a municipality is a "person" subject to damages liability under Section 1983 where "action pursuant to official municipal policy of some nature caused a constitutional tort." 436 U.S. at 691; Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). A municipality, however, "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under [42 U.S.C. § 1983] under a *respondeat superior* theory." Monell, 436 U.S. at 691; Ulrich v. City & County of San Francisco, 308 F.3d 968, 984 (9th Cir. 2002). Liability attaches only where the municipality itself inflicts injury through "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694; Ulrich, 308 F.3d at 984. Thus, as reflected in relevant case law, municipal liability for constitutional violations may be premised on: (1) conduct pursuant to an expressly adopted official policy; (2) a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (3) a decision of a decision-making official who was, as a matter of

1   state law, a final policymaking authority; or (4) an official with final policymaking authority either

2   delegating that authority to, or ratifying the decision of, a subordinate. See Price v. Sery, 513 F.3d

3   962, 966 (9th Cir. 2008); Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004); Ulrich, 308 F.3d at

4   984–85; Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

5         Plaintiff contends that the allegations in "paragraphs 51 through 63" of the Complaint are

6   sufficient to state a *Monell* claim against the City. Doc. No. 11 at 3:13-4:9. Those paragraphs of

7   the Complaint allege that the "DOE OFFICERS' unjustified attack on PLAINTIFF was found to

8   be within FPD policy"; that the "DOE OFFICERS' unjustified attack on Plaintiff was ratified by

9   FPD supervisorial [personnel]"; and that "DOE OFFICERS were not disciplined for the

10  unjustified attack [on] PLAINTIFF": and that the City (and Doe Supervisors) had a custom, policy

11  and practice of hiring dangerous personnel, inadequate training and supervision, ratifying

12  misconduct and such. Doc. No. 1 ¶¶ 51-63.

13        These allegations—and the other allegations in the Complaint—are insufficient to state a

14  *Monell* claim for two reasons. First, Bien fails to allege an underlying constitutional violation. See

15  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (identifying deprivation of a

16  constitutional right as a required element of a *Monell* claim (citation omitted)). The Complaint is

17  rife with legal conclusions (such as the allegation that Bien was "deprived [] of his right to be

18  secure in his person against unreasonable searches and seizures," Doc. No. 1 ¶ 41), but the only

19  other allegations as to the constitutional violations in question are that they took place on

20  December 1, 2019 at Bien's home; that unspecified members of the Fresno Police Department

21  "attacked"—and inflicted a "beating" on—Bien; that Bien was placed in handcuffs; that Bien

22  sustained injury of some sort; and that medical care was not provided in a timely fashion. See Doc.

23  No. 1 ¶¶ 23-26, 28. The allegation that Bien was attacked/beaten and the allegation that medical

24  care was not timely rendered, moreover, are more conclusion than fact, inasmuch as they reflect

25  Bien's subjective view of events but provide no information that would allow the Court to draw its

26  own inference as to the wrongfulness of Defendants' alleged conduct. See Rosa v. San Bernardino

27  Cty. Sheriffs, 2010 WL 4180738, at *5 (C.D. Cal. Oct. 18, 2010) (finding that allegations that

28  defendant had tried to kill plaintiff were "phrased in a conclusory fashion without any detail as to

1  the alleged attacks"). Without factual allegations addressing, for example, the reasons for Bien's

2  encounter with the Doe Officers, the type of force applied by the Doe Officers, Bien's conduct in

3  the course of his encounter with the Doe Officers, the type of medical care required or the amount

4  of time that passed before such care was provided, the Court cannot find that Bien has stated a

5  claim for a constitutional violation in connection with the events of December 1, 2019. See

6  Castenada v. City of Napa, Cal., 1996 WL 241818, at *3 (N.D. Cal. May 3, 1996) (dismissing

7  excessive force claim under the Fourth Amendment where "plaintiff [] failed to allege any facts

8  showing that defendants were neither provoked nor justified in their actions").

9      Second, even if Bien had alleged facts supporting a reasonable inference that a

10  constitutional violation occurred, the Complaint is devoid of facts showing that the City was the

11  "moving force" behind the Doe Officers' conduct. See Dougherty v. City of Covina, 654 F.3d

12  892, 900–01 (9th Cir. 2011). The Complaint recites, at some length, the many ways in which the

13  City could conceivably have contributed to the Doe Officer's misconduct for *Monell* purposes and

14  alleges, in conclusory fashion, that the City engaged in wrongs ranging from inadequate hiring and

15  training to inadequate reporting, discipline and claims investigation, but there is not a single

16  nonconclusory factual allegation in the Complaint providing a meaningful connection between the

17  City's policy, practices, customs or leadership and the Doe Officers' alleged conduct on December

18  1, 2019. See Moss, 572 F.3d at 969 (requiring "nonconclusory 'factual content' " to state a claim

19  for relief).

20      The Court will therefore grant the City's motion to dismiss as to Bien's fifth claim for

21  relief.

22  **B.    State Law Claims**

23      In California, a public entity may be liable for injuries proximately caused by an act or

24  omission of an employee of the public entity within the scope of his employment, but only if the act

25  or omission would give rise to a cause of action against that employee. Cal. Gov't Code § 815.2;

26  see also, Kisbey v. State, 36 Cal. 3d 415 (1984). The City contends that Bien has failed to state a

27  vicarious liability claim under state law because he has failed to allege underlying claims for

28  battery or false arrest / false imprisonment against the Doe Officers. For the reasons set for below,

1   the Court agrees.

2   **1. Sixth Claim for Relief (False Arrest or False Imprisonment)**

3   The elements of a state law tort claim for "false arrest or false imprisonment are: (1) the

4   non-consensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an

5   appreciable period of time, however brief." Tekle v. United States, 511 F.3d 839, 854 (9th Cir.

6   2007) (quoting Easton v. Sutter Coast Hosp., 95 Cal. Rptr. 2d 316, 323 (2000)); see also BAJI No.

7   7.60.

8   Plaintiff contends that the following allegations are sufficient to state a claim for false

9   arrest or false imprisonment against the Doe Officers and, vicariously, against the City:

10
11      Defendants DOE OFFICERS, while working as police OFFICERS for the FPD and
        acting within the course and scope of their duties, intentionally deprived
12      PLAINTIFF of his freedom of movement by use of force, threats of force, menace,
        fraud, deceit, and unreasonable duress. DOE OFFICERS detained PLAINTIFF
13      without reasonable suspicion and arrested him without probable cause. PLAINTIFF
        did not knowingly or voluntarily consent.

14   It is hard to imagine a more deficient set of allegations, even when taken in conjunction with

15   allegations elsewhere in the Complaint. Bien merely restates elements of a false arrest or false

16   imprisonment claim (see, e.g., BAJI No. 7.60 ("[1. The defendant intentionally and unlawfully

17   exercised [force or the express or implied threat of force] [,] [menace] [,] [fraud or deceit] [, or]

18   [unreasonable duress] to restrain, detain or confine the plaintiff ...." (brackets in original)),

19   without providing any "factual content" that would allow the Court to draw an inference as to

20   whether conduct amounting to false arrest or false imprisonment transpired at Bien's home on

21   December 1, 2019. See Iqbal, 556 U.S. at 678. Reviewing the Complaint, the Court simply has no

22   idea what precipitated the detention, how it was effected, what it entailed or even how long it

23   lasted. Thus, Plaintiff has not stated a claim for false arrest or false imprisonment against the Doe

24   Officers and fails to allege vicarious liability for false arrest or false imprisonment against the

25   City. See Cal. Gov't Code § 815.2.

26   **2. Seventh Claim for Relief (Battery)**

27   "The elements of civil battery are: (1) defendant intentionally performed an act that

28   resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent

7

1   to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to

2   plaintiff." Brown v. Ransweiler, 89 Cal. Rptr. 3d 801, 811 (2009) (citing Piedra v. Dugan, 21 Cal.

3   Rptr. 3d 36, 48 (2004)). "A harmful contact, intentionally done is the essence of a battery."

4   Ashcraft v. King, 278 Cal. Rptr. 900, 903 (Ct App. 1991).

5       Bien contends that the following allegations are sufficient to state a claim for battery:

6       On December 1, 2019, Defendants came to the PLAINTIFF's home and unlawfully
        with no legal basis or justification attacked the Plaintiff, detained the PLAINTIFF
7       and arrested the PLAINTIFF.

8       DOE OFFICERS, while working as police OFFICERS for the FPD, and acting
        within the course and scope of their duties, intentionally attacked PLAINTIFF. As
9       a result of the actions of DOE OFFICERS, PLAINTIFF suffered severe pain and
        suffering and injuries and a loss of earning capacity. DOE OFFICERS had no legal
10      justification for using force against PLAINTIFF, and said Defendants' use of force
        while carrying out their duties as police OFFICERS was an unreasonable use of
11      force.

12  Doc. No. 11 at 3:1-9; Doc. No. 1 ¶¶ 24, 72. Even when taking the rest of the Complaint into

13  consideration, however, Bien again relies entirely allegations that do no more than restate the

14  elements of a battery claim. Alleging, for example, that Doe Officers "attacked" him—and that he

15  was subject to a "beating"—are just different ways of saying that Doe Officers "made harmful …

16  contact with [his] person." Without more, the Court has no way of inferring whether the conduct

17  in which Defendants supposedly engaged on December 1, 2019 constituted battery (or was

18  otherwise wrongful) because the Complaint provides no information—beyond the Bien's labels—

19  as to what happened. Consequently, Bien has not stated a claim for battery against any Defendant

20  or alleged derivative liability for battery against the City.

21                                    **CONCLUSION**

22      For the foregoing reasons, the Court finds that Bien has failed to state a claim against the

23  City. The City argues that the Court should decline to exercise supplementary jurisdiction over

24  Bien's state law claims if the federal *Monell* claim is dismissed and that Bien should be denied

25  leave to amend the Complaint because he did not attach a proposed amended complaint to his

26  opposition. Doc. No. 13 at 4:8-17. The Court disagrees on both points. This is Bien's first attempt

27  at pleading his case, and the pleading defects discussed above (including the pleading defects as to

28  the *Monell* claim) could well be cured through factual allegations. See Ebner, 838 F.3d at 963.

                                          8

1  The Court notes, however, that the claims against the Doe Officers and the Doe
2  Supervisors appear to suffer from the same fatal defects—a nearly complete lack of nonconclusory
3  factual allegations—as the claims against the City. The Court, therefore, will grant Bien leave to
4  file a First Amended Complaint ("FAC"), consistent with the findings in this order, within 28 days
5  of the date of electronic service of this order. Alternatively, Bien must make a showing within 28
6  days of the date of electronic service of this order as to why his claims against the Doe Officers
7  and Doe Supervisors should not be dismissed based on the rationale set forth here for dismissing
8  Bien's claims against the City. If Bien fails to avail himself of either of these options, this action
9  will be dismissed with prejudice without further notice to the parties.

10  Given the disposition of the City's motion to dismiss, the City's motion for a definite
11  statement will be denied as moot.

12  //
13  //
14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

**<u>ORDER</u>**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant City of Fresno's motion to dismiss (Doc. No. 8) is GRANTED in its entirety;

2. Defendant City of Fresno's motion for a more definite statement (Doc. No. 8) is DENIED as moot;

3. Plaintiff is GRANTED LEAVE TO AMEND the Complaint consistent with the findings in this Order and to file a First Amended Complaint ("FAC") no later than 28 days from electronic service of this order;

4. Alternatively, Plaintiff must make a showing no later than 28 days from electronic service of this order as to why claims against the other Defendants in this action should not be dismissed based on the reasoning set forth in this order;

4. Defendants shall have 21 days from the date of electronic service of either filing to file a response;

4. If Plaintiff fails to file a FAC or make a showing within the period of time specified as to why claims against the other Defendants in this action should not be dismissed, the Court will dismiss this action with prejudice without further notice to the Parties;

5. This case is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   February 26, 2021

_____
SENIOR  DISTRICT  JUDGE